## H. W. DUNN; Respondent, v. J. D. McNEELY, Appellant.

### Kansas City Court of Appeals, May 2, 1898.

Tax Bills: VARIANCE BETWEEN ORDINANCE AND CONTRACT: INSTRUC-
TIONS: HARMLESS ERROR. An ordinance for paving a street called for
vitrified brick and referred to specifications in the city engineer's
office. The contract referred to the ordinance and the specifications
and stipulated that the brick should be hard burned brick, especially
burned for street paving. *Held*, the contractor was obligated to pave
according to the terms of both the ordinance and the specifications
and there was no variance between the ordinance and the contract,
and an instruction submitting the question of variance to a jury is
approved and another instruction relating to local usage criticised,
but *held* harmless.

*Appeal from the Buchanan Circuit Court.*—HON. A. M.
WOODSON, Judge.

AFFIRMED.

BROWN & DOLMAN for appellant.

(1) The contract in this case prescribes a different
material for the pavement from that prescribed by the
ordinance, and is therefore void and there can be no
recovery for the work done under it. Verdin v. St.
Louis, 131 Mo. 26; McGuiddy v. Brannock, 70 Mo.
App. 535; Keating v. Kansas City, 84 Mo. 416; King
Hill Co. v. Hamilton, 51 Mo. App. 120; St. Joseph v.
Wilshire, 47 Mo. App. 125; Galbreath v. Newton, 30
Mo. App. 380; Cole v. Skrainka, 105 Mo. 303; Inde-
pendence v. Gates, 110 Mo. 374; Elliott on Roads and
Streets, 380. (2) The court committed error in giving
the sixth instruction for plaintiff because there is no
evidence that vitrified brick was not a material well

adapted for the paving of Messanie street. It is error to instruct the jury that they may find a fact which there is no evidence to prove. Bowen v. R. R., 75 Mo. 426; Bowine v. City, 75 Mo. 437; White v. Chaney, 20 Mo. App. 389; Condon v. R'y, 78 Mo. 567; State to use v. Brokerage Co., 85 Mo. 411; Christian v. Wight, 19 Mo. App. 165; Brown v. Ins. Co., 86 Mo. 51; Hollender v. Koetler, 20 Mo. App. 79; McConney v. Wallace, 22 Mo. App. 377; Edwards v. Myers, 22 Mo. App. 481. (3) The court erred in giving the seventh instruction asked by plaintiff because it is an attempt to apply the principles relating to local usage between merchants to this case, to which it is inapplicable, without defining the locality in which the usage is said to exist, and without proof of such usage in any locality.

H. K. WHITE and J. A. GRAHAM for respondent.

(1) The petition for the pavement and the ordinance directing the paving to be laid, referred to the specifications in the engineer's office. No other specification being offered it will be presumed that those in the contract were those desired by the petitioners and directed by the council in the ordinance directing the work. Barber, Etc., Co. v. Ullman, 137 Mo. 543, loc. cit. 565–571. (2) The court did not commit error in giving plaintiff's sixth instruction. Bartley v. Trorlicht, 49 Mo. App. 214, loc. cit. 227. (3) The court did not err in telling the jury that if the brick were of the kind known in this section of the country as vitrified brick, the jury should not find for defendant, because other sections of the country might call a better article by the same name. Cole v. Skrainka, 37 Mo. App. 427; s. c., 105 Mo. 303; Bank v. Haywood, 62 Mo. App. 550, loc. cit. 555–557.; Long v. Armsby Co., 43 Mo.

App. 265; Gleason v. Walsh, 43 Me. 397; Van Ness v. Parkard, 2 Pet. 137; Galbreath v. Newton, 45 Mo. App. 312, loc. cit. 321.

GILL, J.—This is a suit to enforce certain special tax bills issued for paving a street in St. Joseph. On a trial by a jury in the lower court there was a verdict and judgment for plaintiff and defendant appealed.

The main objection is, that there is a fatal variance between the ordinance providing for the work and the contract therefor entered into between plaintiff and the city engineer representing the city. The ordinance recites that the resident property holders owning a majority in front feet of the abutting real estate had petitioned to have the street "paved with vitrified brick in accordance with the specifications therefor on file in the office of the city engineer," etc., and then provides that the street be "paved with vitrified brick * * * in accordance with said petition and said specifications on file in the office of the city engineer," etc. The contract, subsequently entered into, recites: "That whereas said party of the first part is the lowest and best bidder for doing the work provided for by special ordinance No. 1335, entitled 'An ordinance to provide for the paving of Messanie street,' approved October 14, 1891," reciting further that the contract was let to said Dunn for paving said street "as by above mentioned ordinance specified;" and then the contract obligates the said Dunn "to do the work of paving above mentioned, in a substantial and workmanlike manner, in conformity with the plans of such work on file in the office of the city engineer," etc: Then follows the specifications wherein it is stipulated that

*Tax bills: variance between ordinance and contract: instructions: harmless error.*

"all brick used on this work shall be hard burned brick, specially burned for street paving," etc.

The contention is that the ordinance provides for paving with *vitrified brick* while the contract simply calls for "hard burned brick especially burned for street paving." We think the contract is hardly subject to so narrow a construction. The contract clearly obliged the contractor to pave according to the terms of both the ordinance and specifications on file in the engineer's office. The ordinance and specifications are expressly referred to and in effect made a part of the contract; and as the ordinance prescribed *vitrified brick* so did the contract. Of course it is well settled that the contract must substantially follow the ordinance as to materials to be used in public work, since this is exclusively within the legislative discretion of the mayor and city council acting by ordinance. In this case we think this has been substantially done. Paving Co. v. Ullman, 137 Mo. loc. cit. 570. The court by an instruction given at defendant's request correctly and fairly presented the legal obligation of the contractor. The jury was there told, that "the determination of the material with which the pavement in question in this case should be constructed, belonged to the city council, and the ordinance introduced in evidence determines that the brick used in said work should be vitrified brick, and the words in the contract introduced in evidence, 'All brick used on this work shall be hard burned brick, especially burned for street paving,' mean that the *vitrified brick* so provided by said ordinance should be hard burned and especially burned for street paving, and unless the material used in said pavement substantially conforms to said description, there can be no recovery in this suit on account of said street paving, nor of any work mentioned in said contract and the tax bill sued on,

done and provided for the purpose of preparing the street for such paving.''

There is some reason to find fault with plaintiff's instruction number 7 which, in effect, told the jury that the contractor was only bound to use ''such brick as were known as vitrified brick *in this section of the country*,'' etc. There was little, if any, evidence upon which to base an instruction relating to a local usage. The term vitrified brick had, according to the evidence, the same significance at St. Joseph as elsewhere; the definitions given by the witnesses were such as would apply to other sections of the country.

We do not think, however, that the giving of said instruction, even if erroneous, could possibly have been of any prejudice to the defendant. When all the instructions are read as one charge they fairly presented every substantial issue of the case.

A careful review of the entire record and the briefs of counsel convinces us that no error prejudicial to defendant was committed, and the judgment will therefore be affirmed. All concur.